IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS IVÁN VELÁZQUEZ-DE-JESÚS; GLORILY BARROSO-MUÑOZ; GIAN CARLOS VELÁZQUEZ-BARROSO; GLORIANA VELÁZQUEZ-BARROSO; UBALDO VELÁZQUEZ-RIVERA,

v.

SGT. LESLIE ZENO-SANTIAGO,

Defendant

CIVIL 07-1393 (ADC)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on defendant Leslie Zeno-Santiago's motion to dismiss for lack of prosecution, pursuant to Federal Rule of Civil Procedure 41(b), and for failure to comply with discovery requests pursuant to Federal Rule of Civil Procedure 37(b)(2)(c). (Docket No. 87, dated July 31, 2009.) That motion was joined by co-defendant Banco Popular on August 3, 2009. (Docket No. 88.) On August 7, 2009, plaintiffs filed a motion for voluntary dismissal with prejudice as to defendant Banco Popular and Alicia Rodríguez (Docket No. 89); the claims against defendant Zeno-Santiago remain.[1]

---

[1] Defendant Leslie Zeno-Santiago filed a motion for summary judgment on August 7, 2009. (Docket No. 92.) On September 3, he filed certified translations of exhibits to that motion. As of this writing, the motion for summary judgment is unopposed and subject of another report and recommendation.

CIVIL 07-1393 (ADC)                              2

Based on the arguments and facts set forth by the remaining defendant, it is my recommendation that the motion to dismiss for lack of prosecution be GRANTED.  While I discuss the law related to involuntary dismissal, and consider that the case need not necessarily be dismissed for lack of prosecution, the motion remains unopposed and there is no hint in the record that plaintiffs intend to oppose the same, just as plaintiffs have failed to oppose the motion for summary judgment.  Their opposition to the present motion under consideration was due on August 17, 2009.  Plaintiffs moved for an extension of time, until September 6, 2009, to oppose this motion.  (Docket No. 99, dated August 17, 2009.) On August 23, 2009, the court denied the motion as moot (in view of the announcement that the much sought after witness Eddie Céspedes would not be testifying and thus would not be deposed.)  This does not excuse plaintiffs from opposing the motion, just as the court's order does not invite the conclusion that the motion for involuntary dismissal will be denied.  Indeed, they are deemed to have waived objection to the motion.  See Local Rules of the United States District Court for the District of Puerto Rico, Rule 7.1(b) (2004); Colón Vázquez v. El San Juan Hotel & Casino, 483 F. Supp. 2d 147, 152 (D.P.R. 2007).

I.  FACTUAL AND PROCEDURAL  BACKGROUND

On May 9, 2007, plaintiffs filed a complaint for civil rights violations based upon unlawful arrest and search, and also invoked the court's supplemental

CIVIL 07-1393 (ADC)                              3

jurisdiction based on state law tort claims, against Banco Popular de Puerto Rico, Angelo Vidot (branch manager), Sergeant Leslie Zeno-Santiago, Sergeant Torres, Officer Ramos, and two Doe defendants. (Docket No. 3.) Plaintiff Velázquez-de-Jesús alleges that on May 8, 2009, while he was at Banco Popular to make a deposit, a bank employee called police and reported that plaintiff was planning to rob the bank. (Docket No. 39-2, at 3, ¶¶ 11-17.) Plaintiff alleges that the police subsequently unlawfully arrested and searched him without justification. (Id. ¶ 15.) The other plaintiffs, Gian Carlos Velázquez-Barroso, Gloriana Velázquez-Barroso, Glorily Barroso-Muñoz, Ubaldo Velázquez-Rivera are all family members of Carlos Iván Velázquez-de-Jesús, and all allege that they suffered emotional distress and damages as a result of the alleged unlawful arrest suffered by plaintiff Carlos Iván Velázquez-de-Jesús.

On October 9, 2008, plaintiffs moved to voluntarily dismiss their claims against defendant Angelo Vidot (Docket No. 30), defendant John Doe (Docket No. 32), defendant Robert Doe (Docket No. 33), and defendant Ramos (Docket No. 38). The complaint was amended on February 13, 2009, to name one of the Doe defendants, specifically Mrs. Carmen Alicia Rodríguez (Banco Popular employee). (Docket No. 39; Docket No. 64, granting motion to amend.) Defendant Torres was dismissed on defendant's motion by way of opinion and order of March 13, 2009. (Docket No. 49.) Plaintiffs then moved to voluntarily dismiss Banco

CIVIL 07-1393 (ADC)                    4

Popular and Carmen Alicia Rodríguez on August 7, 2009.  (Docket No. 89.)  Thus one defendant remains.

## II.  DISCUSSION

The motion to dismiss is based on four contentions related to discovery:

1) Failure of plaintiffs' witness, Eddie Céspedes, to appear for deposition on two separate occasions.  On one of these occasions, defendants incurred reporter and interpreter expenses.  (Docket No. 87, at 3-4, ¶ 10-12.)  In the event that the case is not dismissed, defendants request the court to exclude the testimony of this witness and that plaintiffs bear the costs of the interpreter and court reporter.  (Docket No. 87, at 8-9, ¶ 2g, ¶ 2h.)  This argument has been rendered moot by plaintiffs' announcement that they would forego the testimony of this witness.  (Docket No. 100.)

2) Failure of plaintiffs to produce documents requested at depositions; the requests were made June 2, 2009 and May 27, 2009.  (Docket No. 87, at 3, ¶ 7.)

3) Plaintiffs' failure to respond to defendants' first set of interrogatories and request for production until March 2, 2009, approximately six and a half months after those requests were sent. (Docket No. 87, at 2, ¶ 3-4).

4) Discovery closed on July 24, 2009 and no extension was requested by plaintiffs, yet plaintiffs still have not produced certain requested documents. (Docket No. 87, at 1-2, ¶¶ 1 & 5.)  Defendant's original interrogatories and

CIVIL 07-1393 (ADC)                              5

production request was made to plaintiffs on August 15, 2008 (Docket No. 87-2), and answers were mailed on February 26, 2009. (Docket No. 87, at 2, ¶ 4.)

### INVOLUNTARILY DISMISSAL

"Dismissal *with prejudice* is a 'harsh sanction,' Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971), which 'should be employed only when a plaintiff's misconduct has been extreme,' Figueroa Ruiz v. Alegría, 896 F.2d 645, 647 (1st Cir. 1990), and 'only after the district court has determined "that none of the lesser sanctions available to it would truly be appropriate,"' Enlace Mercantil Int'l, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988)." Estate of Solís-Rivera v. United States, 993 F.2d 1, 2 (1st Cir. 1993). There is a "'strong policy favoring the disposition of cases on the merits.'" Velázquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075 (1st Cir. 1990) (quoting Figueroa Ruiz v. Alegría, 896 F.2d at 647 (quoting Zavala Santiago v. González Rivera, 553 F.2d 710, 712 (1st Cir. 1977)). However, there are times when dismissal is warranted.

### A. Dismissal for Failure to Prosecute, Pursuant to Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a

CIVIL 07-1393 (ADC)                6

>     party under Rule 19--operates as an adjudication on the
>     merits.

Fed. R. Civ. P. 41(b).

A motion to dismiss under 41(b) is assessed according to several non-exhaustive factors, including: "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007) (quoting Benítez-García v. González-Vega, 468 F.3d 1, 5 (1st Cir. 2006) (quoting Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996)).  Dismissal for failure to prosecute, specifically for failing to comply with discovery orders, is appropriate where the behavior of plaintiff's counsel had been found by the district court to have "amounted to willful misconduct . . . and constituted 'a willful dereliction of counsel's responsibility both to this court and to defendants.'" Damiani v. Rhode Island Hosp., 704 F.2d 12, 14-15 (1st Cir. 1983). Abhorrent misconduct and/or a pattern of disobedience are needed in order to grant dismissal for failure to prosecute. See Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este, 456 F.3d 272, 274 (1st Cir. 2006) (dismissal affirmed, where district court cited "plaintiff's persistent flouting of court orders and rules"); Capó v. United States, 7 F.3d 283, 284 (1st Cir. 1993) (dismissal affirmed where plaintiffs maintained a "consistent failure to diligently

CIVIL 07-1393 (ADC)                              7

prosecute their claims despite the specific deadlines set by the Court to respond to interrogatories and furnish discovery related to expert witnesses.")

Additionally, the court should consider whether the party in question received warnings about the consequences of his/her failure to prosecute or disobedience of court orders.  In Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 49 (1st Cir. 2003), the court made the following comparisons to other cases where dismissal with prejudice was justified:

> See, e.g., Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (protracted noncompliance with court orders, "in the teeth of explicit warnings," justified dismissal with prejudice); Chamorro [v. Puerto Rican Cars, Inc., 304 F.3d 1,] 4-5 [(1st Cir. 2002)] (dismissal justified where the plaintiff, despite being "suitably forewarned," nevertheless disobeyed a court order). . . . See Velázquez-Rivera [v. Sea-Land Serv., Inc.], 920 F.2d at 1078 (emphasizing the lack of fair warning to the plaintiff in reversing district court's dismissal for failure to prosecute).

Id. at 50.

Dismissal for failure to prosecute is a sanction "reserved for cases of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Benítez-García v. González-Vega, 468 F.3d at 4 (quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).  For the amount of time considered protracted for purposes of dismissal for failure to prosecute,

CIVIL 07-1393 (ADC)                                    8

López-González v. Municipality of Comerío, 404 F.3d 548, 555 (1st Cir. 2005) is illustrative.  There the court noted,

> plaintiffs not only hindered the progress of the original § 1983 action by repeatedly disobeying court orders without explanation, but they waited nearly one year after dismissal (and almost three years after the alleged firings) to file the very same complaint the first district judge had already determined to be inadequate. To permit such flagrant and abusive delay in these circumstances would disturb any peace of mind defendants possessed after dismissal of the original action.

"Prior to choosing the harsh sanction of dismissal, a district court should consider the 'broad panoply of lesser sanctions available to it,' such as 'contempt, fines, conditional orders of dismissal, etc.'" Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 39-40 (1st Cir. 2002) (quoting Richman v. Gen. Motors Corp., 437 F.2d at 199 [n.4]).

### B.  Dismissal For Failure to Comply with Discovery, Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)

The consequences for failure to comply with a court order regarding discovery allow the court to "issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  Several consequences are named in the rule, including, "striking pleading in whole or in part; . . . dismissing the action or proceeding in whole or in part; . . . treating as contempt of court the failure to obey any order. . . . " Fed. R. Civ. P. 37(b)(2)(A)(iii), (v), (vii).

CIVIL 07-1393 (ADC)                              9

Although there is no rule or standard which requires a court to impose sanctions other than dismissal before levying that harshest sanction, there has been no instance in this circuit in which a dismissal with prejudice for failure to prosecute has been upheld based on a single instance of noncompliance with a discovery order.  Malot v. Dorado Beach Cottages Assocs., 478 F.3d at 44 (citing Benítez-García v. González-Vega, 468 F.3d at 5).  As with Rule 41 dismissals, dismissal for violation of discovery orders usually occurs when counsel have previously been explicitly warned about the consequences of non-compliance. (Damiani v. Rhode Island Hosp., 704 F.2d at 14, where two hearings were held on dismissal for violation of discovery order, and "the judge expressed his reluctance to 'seeing a client just knocked out of court because of what has happened in the pre-trial stage . . . [But] [m]aybe we have reached the point where we have got to start thinking in such drastic terms.'"); see also Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 640-41 (1976), affirming a district court's dismissal of a complaint where for seventeen months, despite "several admonitions by the Court," and "in the face of warnings that their failure to provide certain information could result in the imposition of [sanctions] under Fed. R. Civ. P. 37," plaintiffs did not answer interrogatories or produce requested documents.  "Ordinarily, the plaintiff is given an opportunity to explain the default or argue for a lesser penalty; but again there is no mechanical rule."  Robson v.

CIVIL 07-1393 (ADC)                               10

Hallenbeck, 81 F.3d at 3 (citing Link v. Wabash R. Co., 370 U.S. 626, 632 (1962)).

The first three of these violations, according to defendants, illustrate plaintiffs' lack of prosecution of the case that merits dismissal under Federal Rule of Civil Procedure Rule 41.  The fourth is a violation of a court order, which merits dismissal under Rule 41 but also Rule 37(b), "Failure to Comply with a Court Order" relating to discovery.

I cannot assess the adequacy of plaintiffs' reasons for delay because their opposition to the motion to dismiss has not been filed.  As to the four specified factors defendants list as grounds for dismissal, all factual allegations appear true based on the record.  Plaintiffs have not previously been warned nor chastised by the court for dilatory tactics, disobedience, or the consequences thereof except for an order to show cause which was scheduled for August 20, 2009 and which setting was aborted, its need having been overcome by ensuing events.  (Docket Nos. 87, 97, 99, 100.)  Generally, such warnings are almost a prerequisite to dismissal for failure to prosecute.  (See discussion above citing Pomales v. Celulares Telefónica, Inc., 342 F.3d at 49-50; Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d at 526; Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 4-5; Velázquez-Rivera v. Sea-Land Serv., 920 F.2d at 1078).  However, failure to oppose this motion reflects a degree of inertia and indifference

CIVIL 07-1393 (ADC)                                11

that invites dismissal, particularly when other dispositive motions have been unopposed, in combination with the motions for voluntary dismissal.  As of the filing of the dispositive motion, 64 days had passed after the last discovery request, with neither production nor request for an extension coming from the plaintiffs.  Plaintiffs' response to the motion was to announce excluding the witness Eddie Céspedes, an alternate remedy sought by the defendant.  Thus, I recommend that the motion to dismiss for lack of prosecution be GRANTED.

### III.  CONCLUSION

Based on the arguments and evidence presented by the remaining defendant, and the lack of opposition by the plaintiffs,  I recommend that defendants' motion for dismissal for failure to prosecute be GRANTED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health &

CIVIL 07-1393 (ADC)                    12

Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 8th day of September, 2009.

                        S/ JUSTO ARENAS
                Chief United States Magistrate Judge